IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br>     Plaintiff, <br><br> v. <br><br> ABSOLUTE QUALITY LANDSCAPING, INC., and JOSEPH A. BELL, Individually and as Owner of ABSOLUTE QUALITY LANDSCAPING, INC., <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No: |

## COMPLAINT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, and 11(c) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants Absolute Quality Landscaping, Inc. and Joseph A. Bell, individually and as owner of Absolute Quality Landscaping, Inc. (collectively, "Defendants"), in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Absolute Quality Landscaping, Inc. ("Absolute Quality"), is and, at all times hereinafter referenced, was registered as a corporation in Virginia on April 7, 2006. Defendant Joseph A. Bell is the sole owner of the business. Absolute Quality has its principal

office at 4693 Shoulders Hill Road, Suffolk, Virginia 23434, which is within the jurisdiction and venue of this Court.

3. Defendant Joseph A. Bell is and, at all times hereinafter referenced, was the sole owner of Absolute Quality and, based upon information and belief, resides at 4693 Shoulders Hill Road, Suffolk, Virginia 23434, which is within the jurisdiction of this Court. Defendant Joseph A. Bell supervises and directs the work of the employees of Absolute Quality and is involved in the hiring and firing of employees. Defendant Joseph A. Bell has acted directly or indirectly in the interest of Absolute Quality in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

4. Defendants carry out a common business purpose of providing hardscape and softscape services, as well as residential and commercial lawn services. The business activities of the Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. At all times relevant herein, Defendants have employed and are employing "Crew Leaders" and "Crew Members" (collectively, the "employees") in and about their place of business in the activities of an enterprise in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including handling snow plows and ice melt from Thomasville, North Carolina. Further, at all times relevant herein, Defendants have had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act. Specifically, the annual dollar value over the past three years for the business has exceeded $1 million dollars.

6. Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by failing to pay employees in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act. For example, Defendants failed to pay a salaried, nonexempt Crew Leader the applicable statutory minimum rate for all hours worked during a week in which he worked more than forty hours.

7. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act. For example, since April 4, 2014, Defendants employed a prepayment overtime plan, which involved paying employees for unworked hours during Absolute Quality's slow months and then taking a credit for such prepaid time against overtime hours worked during Absolute Quality's busier months. Defendants took a credit against prepaid hours from the slower months for overtime hours worked during the busier months at employees' regular rates of pay instead of one and one-half times their regular rate.

8. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R.

Part 516. For example, Defendants have failed to maintain and retain accurate records or hours worked by their salaried, nonexempt employees, including Crew Leaders.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of April 4, 2014, through April 1, 2016, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 1, 2016, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Mailing Address: | Respectfully submitted, |
| | |
| Douglas N. White | Nicholas C. Geale |
| Associate Regional Solicitor | Acting Solicitor of Labor |
| U.S. Department of Labor | |
| 201 12th Street South | Oscar L. Hamilton III |
| Arlington, VA 22202-5450 | Regional Solicitor |
| (202) 693-9393 | |
| | Douglas N. White |
| | Associate Regional Solicitor |
| | |
| | Samantha N. Thomas |
| | Regional Counsel |
| | |
| | */s/ Ali A. Beydoun* |
| | Ali A. Beydoun, Esq. (VA Bar No. 78150) |
| | U.S. Department of Labor |
| | Office of the Solicitor |
| | 201 12th Street South, Suite 401 |
| | Arlington, VA 22202-5450 |
| | Telephone No. (202) 693-9393 |
| | Facsimile No. (202) 693-9392 |
| | beydoun.ali@dol.gov |
| | |
| | U.S. DEPARTMENT OF LABOR |
| | Attorneys for Plaintiff |
| | |
| | Date: April 25, 2017 |

# SCHEDULE A

1. Daequan Benton
2. Kevin Billue
3. Gregory Bullis
4. Benjamin Campbell
5. Justin Cobb
6. Brandon Coon
7. David Coon
8. Marcus Daye
9. Vincente Dela Cruz
10. Elizer Gomez
11. Cornelius Huggins
12. Jose Isabel
13. Alquient Jones
14. Tracy Jones
15. James Klose
16. Joshua Klose
17. Timothy Laster
18. Derrick Litman
19. Cody Lockley
20. Gabino Mendoza Ortega
21. Huver Mendoza Ortega
22. Daniel Montoya
23. Juan Perez
24. Dylan Poe
25. Adam Ptaszynski
26. David Salas
27. Ryan Sightler
28. Jesus Venitez