MAR 16 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF<br>LABOR,<br>        Plaintiff,<br><br>v.<br><br>ABSOLUTE QUALITY LANDSCAPING,<br>INC., and JOSEPH A. BELL, Individually<br>and as Owner of ABSOLUTE QUALITY<br>LANDSCAPING, INC.,<br>        Defendants. | Civil Action No: 2:17-cv-00229-RAJ-RJK |

## CONSENT JUDGMENT

Plaintiff, Acting Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Acting Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act"). Defendants named above, hereinafter referred to as "Defendants" or "Employers," have appeared by counsel, and waive formal service of process of the Summons and Complaint, waive their Answer and any defense which they may have and hereby agree to the entry of this Consent Judgment without contest. It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, specifically:

1. Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at 4693 Shoulders Hill Road, Suffolk, Virginia 23434, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3. Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at 4693 Shoulders Hill Road, Suffolk, Virginia 23434, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

4. Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

    i. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

    ii. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

    iii. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5. Defendants are enjoined and restrained from withholding gross back wages in the sum total amount $28,161.11, and are jointly and severally liable for the payment of $28,161.11 in liquidated damages, due certain employees and former employees of Defendants set forth and identified in Schedule A, which is attached as Exhibit A hereto and made a part hereof.

6. Defendants shall pay gross back wages and liquidated damages in the total amount of $56,322.22, for violations of the overtime and minimum wage provisions of the Act by Defendants alleged to have occurred during the period beginning March 3, 2015 and ending April 1, 2016, ("relevant period"). This amount shall represent the full extent of back wages and

liquidated damages owed by Defendants for the relevant period to the employees set forth and identified on the attached Schedule A. It is further agreed that the minimum wage and overtime compensation and liquidated damage payments by the Defendants in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act. Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

    i.    The provisions of this Consent Judgment relative to back wage and liquidated damages payments shall be deemed satisfied when Defendants deliver to the designated representatives of the Plaintiff: (1) a payment check in the amount of $5,632.22 within five (5) calendar days of Defendants' execution of this Consent Judgment, and (2) a payment check in the amount of $50,690.00 by August 6, 2018. The payments shall be in the form of a certified check, bank check, or money order made payable to the order of "Wage and Hour Division – Labor," and mailed to:

> **U.S. Department of Labor, Wage & Hour Division**
> **The Curtis Center, Suite 850 West**
> **170 South Independence Mall West**
> **Philadelphia, PA 19106-3317**

The check or money order shall bear the following reference: Case ID# 1783933. You also have the option to pay online by ACH transfer, credit card, or debit card by going to

or

    ii.    The Secretary, through the Wage and Hour Division, shall distribute the back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as set forth in Schedule A. Schedule A will show for each individual the gross back pay due (subject to applicable legal deductions), and liquidated damages. Any sums not distributed to the

employees or former employees on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 29 U.S.C § 216(c).

    iii.    To the best of their ability and based upon information it currently has in its possession, Defendants shall provide to Plaintiff the social security number and last known address of each employee or former employee due money under this Consent Judgment within ten (10) calendar days of Defendants' execution of this Consent Judgment.

    iv.    The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named in Exhibit A, nor shall the provisions in any way affect any legal right of any individual named in Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

8.    Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

9.    Further, the parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any

period after April 1, 2016, or any persons, be they current or former employees, not specifically named in Exhibit A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act

10. Defendants agree that they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

11. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

_____
Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE

Dated: _March 16_, 2018

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

For the Employers Absolute Quality Landscaping, Inc. and Joseph A. Bell

*[signature]*
Joseph A. Bell
Individually, and as owner of Absolute Quality Landscaping, Inc.

*[signature]*
Verbena Askew
The Verbena Askew Law Firm, PC
1919 Commerce Drive
Suite 320
Hampton, VA 23666

Attorneys for Defendants Absolute Quality Landscaping, Inc. and Joseph A. Bell

For the Secretary:

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

*[signature]*
Ali A. Beydoun (VA Bar No. 78150)
Leah A. Williams (admitted *pro hac vice*)
U.S. Department of Labor
Office of the Solicitor, Region III
201 12th Street South, Suite 401
Arlington, VA 22202-5450
Telephone No. (202) 693-9359
Facsimile No. (202) 693-9392

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff
U.S. Department of Labor

7

## SCHEDULE A

1. Daequan Benton
2. Kevin Billue
3. Gregory Bullis
4. Benjamin Campbell
5. Justin Cobb
6. Brandon Coon
7. David Coon
8. Marcus Daye
9. Vincente Dela Cruz
10. Elizer Gomez
11. Cornelius Huggins
12. Jose Isabel
13. Alquient Jones
14. Tracy Jones
15. James Klose
16. Joshua Klose
17. Timothy Laster
18. Derrick Litman
19. Cody Lockley
20. Gabino Mendoza Ortega
21. Huver Mendoza Ortega
22. Daniel Montoya
23. Juan Perez
24. Dylan Poe
25. Adam Ptaszynski
26. David Salas
27. Ryan Sightler
28. Jesus Venitez